UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Valerie D. McCampbell

                            Plaintiff,

            v.

Owens State Community College,

                            Defendant.

Case No. 3:13-cv-01984

MEMORANDUM
OPINION & ORDER

## I. INTRODUCTION

Before me is the motion of Defendant Owens State Community College ("OSCC") to dismiss Plaintiff Valerie McCampbell's first amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. No. 11). The parties have completed briefing on OSCC's motion. For the reasons stated below, OSCC's motion is granted and McCampbell's complaint is dismissed in its entirety.

## II. BACKGROUND

McCampbell previously was employed by OSCC. She was placed on administrative leave and ultimately terminated in late 2011. She asserts claims for violation of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), discrimination in violation of Ohio Rev. Code Chap. 4112 and Ohio public policy, and defamation in violation of Ohio law. (Doc. No. 7 at 1). She seeks reinstatement, to complete training on a computer program related to

1

her work, access to her work computer while working at home, expungement of her employment record, back-pay, and punitive damages. (Doc. No. 7 at 7). OSCC asserts her claims are barred by the doctrine of sovereign immunity. To the extent McCampbell asserts a claim under the FMLA for injunctive relief, OSCC argues she fails to state a claim upon which relief may be granted.

### III.   STANDARD

A party may seek the dismissal of a claim on the ground that a federal court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(b)(1). When a party asserts a claim against a state, including a claim for monetary damages against state officials in their official capacities, the state may avoid liability by asserting the doctrine of sovereign immunity as a bar to the federal court's jurisdiction over the claim. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005); (*citing Alden v. Maine*, 527 U.S. 706, 713 (1999) and *Edelman v. Jordan*, 415 U.S. 651, 664-66 (1974)).

"In assessing a motion to dismiss under Rule 12(b)(6), [a] court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration in original).

"A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Heinrich*, 668 F.3d at 403 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts are not required to accept as true legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original).

## IV. ANALYSIS

### A. SOVEREIGN IMMUNITY

The Eleventh Amendment to the United States Constitution bars claims asserted in federal court against a State or "'an arm of the State,'" unless the State has elected to waive its immunity. *Ernst*, 427 F.3d at 358 (*quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Ohio law waives the State's sovereign immunity with respect to some state court lawsuits, but those lawsuits may proceed only in the Ohio Court of Claims. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); O.R.C. 2743.02(A).

In determining whether OSCC is an arm of the State and thus protected from suit in federal court by Ohio's sovereign immunity, a court must consider its status "under Ohio's law of sovereign immunity and the Court of Claims Act," the sources of its revenue, whether it performs a governmental function, whether it is a corporate or non-corporate entity, and "the fiscal and academic restraints" Ohio law imposes on OSCC. *Hall v. Med. Coll. of Ohio*, 742 F.2d 299, 307 (6th Cir. 1984). My colleague Judge David Katz previously considered this question. *Stevenson v. Owens State Cmty. Coll.*, 562 F. Supp. 2d 965 (N.D. Ohio 2008). Judge Katz reasoned: (1) Ohio courts have concluded state community colleges such as OSCC are protected by Ohio's sovereign immunity; (2) any recovery against OSCC likely would be satisfied with state funds; (3) OSCC performed a similar governmental function as the former Medical College of Ohio did in *Hall*; and (4) OSCC is a non-corporate entity without the ability to sue or be sued. *Id.* at 968-970. Judge Katz concluded that OSCC "is properly considered an arm of the state," and thus entitled to Eleventh Amendment immunity. *Id.* at 970.

3

I find Judge Katz's reasoning persuasive and adopt his conclusion here.  Because OSCC is an arm of the State of Ohio, the doctrine of sovereign immunity bars McCampbell's claims for monetary damages under the ADA and the FMLA.  *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011); *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013).  Sovereign immunity also bars McCampbell's claims for injunctive relief under the ADA.  *Lawson v. Shelby County*, 211 F.3d 331, 335 (6th Cir. 2000); *Gentry v. Summit Behavioral Healthcare*, 197 F. App'x 434, 437 (6th Cir. 2006).

Moreover, federal law prohibits a plaintiff from suing a state or a state entity in federal court for violations of state law.  *Ernst*, 427 F.3d at 365.  Ohio has not waived its immunity to lawsuits in federal court alleging violations of Ohio law.  *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998).  Therefore, McCampbell's claims for disability discrimination, violation of Ohio public policy, and defamation are barred by the doctrine of sovereign immunity.

### B.  FAILURE TO STATE A CLAIM FOR RELIEF

Courts will liberally construe complaints filed by pro se parties when determining whether a complaint fails to state a claim upon which relief may be granted.  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  There are limits to this liberality, as pro se pleadings must "provide the opposing party with notice of the relief sought . . . ."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012); *see also Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996).

The FMLA permits eligible employees to take unpaid leave if the reason for the employee's leave request falls into one of four categories: (1) in order to care for a newborn son or daughter; (2) following the adoption or foster-care placement of a child with the employee; (3) in order to care for a spouse, child, or parent with a serious health condition; and (4) to address the employee's own serious health condition.  29 U.S.C. § 2612(a)(1); *Coleman v. Court of Appeals of Maryland*, 132 S. Ct.

4

1327, 1332 (2012). The first three provisions often are referred to as family-care provisions, while the fourth often is referred to as the self-care provision. *Coleman*, 132 S. Ct. at 1332.

In her brief in opposition to OSCC's motion to dismiss, McCampbell argues OSCC interfered with her rights under the FMLA by disciplining and ultimately terminating her "while [she was] on medical leave." (Doc. No. 13 at 4). In her complaint, McCampbell alleges she took FMLA leave for her personal illnesses after December 2010 and was able to fulfill her job duties despite the need for frequent absences under the FMLA. (Doc. No. 7 at 1, 5-6). McCampbell did not allege in her first amended complaint that she was disciplined or terminated while utilizing FMLA leave or that OSCC disciplined or terminated her because she utilized FMLA leave. The first amended complaint does not include factual or legal allegations sufficient to state plausible claims for interference with or retaliation for McCampbell's use of FMLA leave. Fed. R. Civ. P. 8(a)(2) (complaint must include "a short and plain statement of the claim showing the pleader is entitled to relief"); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (pleadings must give the defendant "fair notice" of the grounds on which plaintiff's claim rests). McCampbell fails to state a claim for violation of the FMLA upon which relief may be granted.

### C. OTHER CLAIMS

In her brief in opposition, McCampbell stated she "should have" included race discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. (Doc. No. 13 at 3-4). McCampbell did not include these claims in her first amended complaint and may not raise them now in opposition to OSCC's motion to dismiss. *See, e.g., Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.").

## V. CONCLUSION

For the reasons stated above, I grant OSCC's motion to dismiss on all claims. McCampbell's state law claims, her claims for compensatory damages under the ADA and the FMLA, and her claim for injunctive relief under the ADA are barred by the doctrine of sovereign immunity and dismissed pursuant to Rule 12(b)(1). She fails to state a claim for injunctive relief under the FMLA, and any such claim is dismissed pursuant to Rule 12(b)(6).

So Ordered.

s/Jeffrey J. Helmick  
United States District Judge